Mr. Chief Justice Shaiikev
delivered the opinion of the court.
This action was brought on a promissory note given by C. C. Slocumb in his lifetime, and Joseph Winn, who were partners in merchandise, to J. R. Holmes & Co., bearing date 1st May, 1819. There are also counts for work and labor, and goods, wares, and merchandise, and the money counts.
The bill of particulars, filed in support of the merchandise count, was created in 1818; and the note seems to have.been given to close .the account.
The defendant in the court below put in two pleas to the whole declaration: first, non assumpsit, and second, non assumpsit infra sex annos. To the second plea, the plaintiff replied, that he ought not to bp barred as to his second and third counts, because the dealing, was between merchant and merchant, and, therefore, within the exception in the statute of limitations. To this replication, the defendant filed two rejoinders, the first denying the replication, and the second averring that the account was closed by note, and therefore extinguished, and to these the plaintiff demurred. The demurrer was sustained, and a verdict and judgment for the plaintiff. A motion was made for a ne.w trial on several reasons filed and overruled, and a bill of exceptions taken, which sets out the evidence and charge of the court.
Several points have been raised by the counsel, which cannot be better disposed of, than by considering them as set out in the assignment of errors; or at least such of them as may be found to have a material bearing on the result.
The first is, that the court erred in sustaining the demurrer to the rejoinders of the defendant. In the examination of this question the whole of the pleadings must necessarily undergo an investigation, as it was a general demurrer, and sustained generally without any thing to show how far, or to what defect, the court extended it. I will, therefore, endeavor to point out some of the obvious defects in the whole of the pleadings after the plea of non assumpsit, as it is altogether probable they were taken into the account by the circuit court in sustaining the demurrer.
*142 Thefirsterror isinthepleaof the statute of limitations. It purports to be an answer to the whole declaration; and as such is bad, because the first count in the declaration is a special one on a note payable at a future time, and the plea is, that the defendant’s intestate did not promise and assume, Avithin six years before the commencement of the suit. Suppose, for instance, that the note had been made payable seven years after date, such a plea could be no answer to it, for the time of making the promise is certainly at the date of the note, and not the time set for payment. The contract is valid and binding when made, and only to be executed afterwards, and the statute of limitations can only begin to run at the maturity of the debt. The language of this plea relates to the time of the promise, and yet at that time no cause of action existed. Whenever the debt is payable at any other time than the date, the plea must show that the action is barred by the statute, and it must, therefore, be pleaded that the action did not accrue within six years. Chitty on Contracts, 325. If this had only been extended to the subsequent counts in the declaration, it Avould have been good, and our statute of limitations, a subject of much dispute and confusion, would have been placed in a proper attitude for decision; but the plea being bad, leaves no other defence than non assumpsit. I might, perhaps, with propriety, here stop, but the plaintiff has replied to this plea and all the points have been made in arguments, and, indeed, rvill have an influence on the remaining questions.
The replication of the plaintiff is no better than the defendant’s plea; if the plea had been good, the replication could not be sustained, because it does not sustain the counts in the declaration. It sets out vriShprecludi non as to the second and third counts, because the dealing was mutual between merchant and merchant, and within the exception of the statute of limitations. It is true that such an exception is contained in the statute, and might very properly form the subject of a replication, but the second count is for work and labor, and such a replication could not be made to apply to it, for there is no exception in the statute as to work and labor, even if performed between merchant and merchant. The' replication being bad as to part is bad as to the whole. 1 Chitty, 618.
*143 I come now to the defendant’s double rejoinder, which is no less objectionable than the plea and replication. It is contended that it is sustained under our statute, which allows to the defendant the right of pleading as many pleas as may be necessary; but such a construction would be too broad. The English statute, which is similar in its provisions, has never been construed to extend to any thing but pleas. A different practice would lead to endless confusion and difficulty. It may frequently happen that the plaintiff can elect which of several replications he will adopt, and so with the defendant as to the rejoinder, but several rejoinders to a single plea are inadmissible; 1 Chitty’s Pleadings, 627; Gould’s Pleading, 430. The court, therefore, did not err in sustaining the demurrer; but I am not certain, however, that the court intended the decision on the demurrer to go further than the rejoinders, and even if it did not, the result would have been very much the same, as in that case, no issue was made by leave to amend to the replication, and the cause was not in a fair condition for trial, on any other issue than non assumpsit.
The argument of the counsel seems to proceed on the ground that the whole of the points, made by the pleadings, were in dispute at the trial, and consequently, that they are properly before this court. This view seems to me to be incorrect. Admitting that the plea and replication were good, they made no issue. The replication is in avoidance of the plea, and the defendant abandons his defence when he suffered a replication in avoidance to remain unanswered, and such would have been its situation, if the demurrer reached no further than the rejoinders. What evidence, therefore, was required to sustain the action, and was the evidence such as was proper? — is a question also made.
The second and third assignment of the errors relate to the admissibility of the deposition of Edward Turner; there is only a part of the deposition objected to, to wit, that part which speaks of the acts and admissions of Winn, and the statements of Holmes; and indeed it is admitted, as appears by the bill of exceptions, that the statements made by Holmes were not proper evidence. The deposition was taken by consent and read under an agreement of the parties, subject to objections, as to the competency of the evidence. In order to determine as to the admissibility of the evi *144 dence, it will be necessary to examine what the witness states, and the applicability of it to the issue before the jury. The declarations of Winn, so far as they went to show an indebtedness of the firm, would be proper evidence. The witness says, that he collected some money for Winn, which he- paid over to Holmes in 1828; that he understood from Winn that the note on which he collected the money was assigned to' Holmes as collateral security for an existing debt. This declaration of the witness is all that could be at all relevant, and so far ás it went to establish the indebtedness set up in the declaration, was properly received. It is not definite in its terms, but taken in connection with the other testimony, might serve to show the existence of the debt; whether this deposition was introduced to establish the claim, or to avoid the statute of limitations does not clearly appear. If it were for the latter purpose, it does not become necessary to say any thing about it, as I think I have clearly shown that the statute of limitations could not either by the view I have first taken, or according to the view which I have supposed the court might have taken, be brought in question. I shall, therefore, give no opinion on that branch of the subject, which brings in question the sufficiency of the evidence to take the case out of the statute, by subsequent promises, or acknowledgment, or the exception in the statute as between merchant and merchant.
The only remaining point in assignment of errors is, that the court erred in refusing a new trial. Here all the reasons assigned for a new trial, or at least such of them as have any force, should be examined. The circuit court charged the jury as requested by the defendant’s counsel, and acquiesced in by the counsel for plaintiff, that if the account had been closed by note, the party could not resort to the account for a recovery. That the account was closed by note, I-think the evidence abundantly shows; the deposition of R. L. Thockmorton sustains the position, and the credit given on the account as by note, specifying the date and sum, by which the account is balanced, is conclusive on the subject. The jury, then, according to the charge of the court and according to the evidence, could not have found a verdict on any thing but the note.
The first reason in support of the motion is, that the verdict was *145 contrary to law, and the second, that it is against evidence. If these reasons are founded in fact, the party is entitled to a new trial. If the verdict of the jury was founded on the account, it is contrary both to law and evidence. The court charged the jury that the party was not entitled to recover on the account if a note had been given for it, and the evidence is clear that "the note was given to close the account. Another reason assumed for a new trial is, that the damages were excessive. In calculating the amount really due on the note, it is found that the jury exceeded considerably the amount the plaintiff was entitled to recover on it. If, therefore, they intended to give a verdict for the amount due on the note, the damages are excessive. If they intended to give a verdict for the amount of the account, which is most probable, as the amount will show, the verdict is contrary to law as charged by the court, and against evidence.
A new trial must be be granted with costs, to abide the event of the suit.